IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-382-H

| | | |
|---|---|---|
| DONNA PILCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| ROY COOPER, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion to dismiss. This is one of five pro se actions recently filed by plaintiff, Donna Pilch, against various officials. Plaintiff's complaint purports to allege violations of 28 U.S.C. §§ 1983, 1985, and 1986. She seeks "injunctive relief and compensatory and punitive damages from unlawful, unconstitutional misdemeanor DWI conviction due to SBI crime and Wake County judges' crime, and Roy Cooper's failure to provide relief." (Compl. at 3.)

It is difficult to pinpoint what exactly Ms. Pilch's claims are against the Attorney General of North Carolina. Her complaint asks the question "Is the death penalty constitutional in a state that is still using junk science to convict people?" (Compl. at 2.) She also appears to seek an injunction of the

death penalty in North Carolina. As Ms. Pilch is complaining about a DWI conviction, the death penalty is not implicated in this matter. Ms. Pilch appears to complain about several judges, police officers, and other officals. However, the defendant, in his capacity as Attorney General, does not have supervisory responsibility over any of those persons or entities. Additionally, many of plaintiff's allegations involve issues that should have been raised, if at all, either while her case was pending in Wake County court or on appeal to the appropriate state court. The federal district court is not the proper forum for any review of her state court conviction. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) ("Review of [state-court] determinations can be obtained only in [the Supreme Court].") Plaintiff's claims are, therefore, barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman doctrine bars federal jurisdiction where a party to a state-court action files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) (invoking the "well settled rule that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action").

Finally, while plaintiff's complaint states she is suing Roy Cooper in his individual capacity, all her allegations purportedly relate to investigations that the Office of Attorney General did not, in plaintiff's opinion, properly handle. Therefore, the court finds that plaintiff intended to bring her suit against defendant in his official capacity. In fact, plaintiff indicates that she is seeking the State of North Carolina to "waive its sovereign immunity and consent to be sued for $1.5 million." (Compl. at 20.) Plaintiff's claims for monetary damages against defendant in his official capacity are barred by the Eleventh Amendment. <u>Will v. Michigan Dept. of State Police</u>, 109 S. Ct. 2304, 2312. (Neither a State nor its officials acting in their official capacities are "persons" for purposes of § 1983.)

3

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED and this matter is DISMISSED. All other pending motions are denied as moot. The clerk is directed to close this case.

This 12TH day of December 2011.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26